# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2539 | **DATE** | 10/16/2012 |
| **CASE TITLE** | *Hardwick v. Fisher & Shapiro, LLC* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Stinnettes' first objection is overruled. However, given what appears to be a failure of the parties to attain a meeting of the minds as to the scope of the release based on the language in the proposed settlement, the Court denies the motion for preliminary approval of the class settlement [98-1] without prejudice. The parties shall meet and confer regarding the issue raised in this order and file any renewed motion for preliminary approval within 14 days of the date of entry of this order. To the extent the parties believe it would assist the Court, the renewed motion may respond to the anticipated objection from the Stinnettes regarding the actual damages issue.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

The parties in this class action have moved for preliminary approval of their class settlement. The Stinnettes object to the proposed settlement. For the reasons stated below, the Stinnettes' first objection regarding the scope of the release and the liability of other entities is overruled. Without ruling on the second objection regarding actual damages, given what appears to be a failure of the parties to attain a meeting of the minds as to the scope of the release based on the language in the proposed settlement, the Court denies the motion for preliminary approval of the class settlement [98-1] without prejudice.

The Court lays out the relevant history of this case as described by the defendants in their response to the Stinnettes' objection. The Stinnettes, putative class members, sought to intervene and objected to the parties' initial proposed settlement, which was presented to the Court in July 2011. They contended that the scope of the release was too broad and could include state law claims they were litigating in a state court class action. In state court, the Bank of New York ("BNY") retained Fisher & Shapiro ("Fisher"), the defendant in this case, to sue the Stinnettes for foreclosure. The Stinnettes then sued BNY and Fisher on behalf of themselves and those similarly situated for purported false affidavits that BNY and Fisher filed in foreclosure lawsuits.

The Court denied the Stinnettes' motion to intervene indicating that it already had reservations about the scope of the release prior to the Stinnettes' appearance. The Court also denied the proposed class settlement. The parties, along with the Stinnettes, met and conferred regarding a revised proposed settlement and came to agreement on agreeable language to both parties and the Stinnettes. The day before the parties were prepared to present the revised proposed settlement, the Stinnettes filed a motion for attorney's fees based on their contribution to the class settlement language. The Court granted the motion in the amount of $7,500.00 and directed the parties to determine how the fees were to be paid. After the parties agreed on how to pay the Stinnettes' counsel, they again noticed the motion for preliminary approval, with the language that

**STATEMENT**

everyone had agreed upon, which is currently before the Court.

Before the motion for preliminary approval was re-noticed, however, the state court dismissed all of the Stinnettes' claims with leave to replead certain claims. The Stinnettes then filed the instant objections to the proposed settlement language they had earlier agreed to. In their opposition to the current proposed settlement language, which they had previously agreed to prior to the dismissal of their state law claims, the Stinnettes raise two objections: (1) the current release language may release FDCPA and other claims against Fisher clients and (2) the release releases the class's actual damage claims while not providing any actual damage relief.

Scope of Release. The Stinnettes contend that the release should be modified to specifically exclude claims against Fisher's clients, including BNY. In the state court action, BNY argued that because the release of Fisher in this case would also release any FDCPA against BNY, the FDCPA claim against it in the state court action should be dismissed. The Stinnettes acknowledge that while the state court denied the motion to dismiss on the ground argued by BNY, they are "concerned that BNY may revisit the issue with the state court if this Court approves the settlement or on appeal of the state court action." (Stinnettes' Opp. Settlement, Dkt. #102, at 3.) Thus, the Stinnettes ask that the parties revise the proposed language to specifically exclude Fisher clients, such as BNY, from the release and exclude their case against Fisher's clients.

As it currently stands, the proposed release reads in relevant part:

> Each Class Member not opting out as of the Effective Date does hereby release and forever discharge [Fisher], its attorneys, employees, agents, and insurers (in their capacity as attorneys, employees, agents, and insurers) from all FDCPA causes of action, FDCPA suits, FDCPA claims, an FDCPA demands, whatsoever, known or unknown, in law or in equity, which the class now has, ever had, or hereafter may have against the released parties, for any violations of the FDCPA arising out of affidavits attached or executed in support of the foreclosure matters filed against the Class Members, which affidavits and foreclosure lawsuits make them members of the Class.

(Proposed Class Settlement Agreement, Dkt. # 98, at 4-5.)

The Court reviews the proposed settlement to determine whether it is "lawful, fair, reasonable, and adequate." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). BNY hired Fisher to represent it in the foreclosure lawsuit against the Stinnettes; thus, it is a client of Fisher. The express language of the release does not include Fisher's clients. While the Stinnettes may posit ways in which BNY or any other entity may seek to include themselves in the language of the release, it is not this Court's role to anticipate or address each and every possible future argument regarding the scope of the release. Indeed, "district courts have been admonished to refrain from resolving the merits of the controversy or making a precise determination of the parties' respective legal rights." *Id.* at 1196-97 (citation and internal quotation marks omitted).

The parties and the Stinnettes (at one point) approved the release language and the Court finds the release to be reasonable and fair given the parties and the cause of action in this case. The Court declines the Stinnettes' invitation to tailor the release in a way that they believe is more favorable to their position in the state court action. If the Stinnettes are not satisfied with the proposed settlement, they may opt out and litigate their claims individually. The Court overrules this objection.

**STATEMENT**

Actual Damages. The Stinnettes also contend that the release should be modified to specifically exclude actual damages that putative class members may have under the FDCPA. According to the Stinnettes, the proposed settlement provides each class member with approximately $12.05 each for FDCPA statutory damages only and therefore, without having provided any consideration for actual damages, the defendants should not be allowed to be released from liability for those damages. Thus, they ask that the release be narrowed to include only FDCPA statutory damages claims.

In response, the plaintiff contends that only class claims are released and because no FDCPA claims for actual damages have been identified on behalf of the actual class, the release does not cover those claims. According to the plaintiffs:

> [T]he only FDCPA claims that released are those of the entire 'class,' as opposed to those of individual class members. No FDCPA claims for actual damages on behalf of the entire Hardwick class have been identified. If some class members were overcharged as a result of the affidavits, actually paid the overcharges, and did not get their money back when the state court vacated the [foreclosure] judgments entered on the basis of the affidavits, they may have actual damages.

(Pl.'s Resp. Stinnettes' Opp., Dkt. # 104, at 3.) The plaintiff goes on to state that "[a]ny improper fees charged in an individual case, to the extent not already refunded by the action of the state court, are specifically excluded." (*Id*. at 4.)

For its part, defendant Fisher asserts that the Stinnettes have no factual basis to assert a claim for actual damages and that "if the Stinnettes or someone else think there is a claim for actual damages they can pursue [it] but not pursuant to the FDCPA." (Fisher's Resp. Stinnettes' Obj., Dkt. # 106, at 9-10.) Fisher argues that the parties are settling the FDCPA claim, "no ambiguity should be injected into th[e] settlement" and that if a class member does not want to settle the FDCPA claim, he or she can opt out. (*Id*. at 10.)

Setting aside the merits of the various arguments, it appears that the plaintiff and Fisher disagree as to the scope of the FDCPA release. While the plaintiff apparently believes that even those who do not opt out and become class members may bring individual FDCPA claims for actual damages, Fisher contends that the FDCPA claim *in whole* is being settled and any putative class member who does not agree with the release should opt out.

Given what appears to be a failure of the parties to attain a meeting of the minds as to the scope of the release based on the language in the proposed settlement, the Court denies the motion for preliminary approval of the class settlement [98-1] without prejudice. The parties shall meet and confer regarding the issue raised in this order and file any renewed motion for preliminary approval within 14 days of the date of entry of this order.